# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2022[*]
Decided July 1, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-2292

| | |
|---|---|
| CHAD WAHL, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 18-cv-4068 |
| | |
| SHAN JUMPER, et al., | Sue E. Myerscough, |
| *Defendants-Appellees.* | *Judge.* |

## O R D E R

Chad Wahl, who is civilly committed at the Treatment and Detention Facility in Rushville, Illinois, sued members of the facility's staff and related parties alleging that Rushville's ban on the residents' possession of Bluetooth- and internet-capable devices violates his First Amendment rights. The district court entered summary judgment for the defendants, ruling that legitimate security concerns justify the ban. We affirm.

We review a summary judgment de novo, drawing all reasonable inferences in Wahl's favor. *See Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010). Wahl, who was

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

convicted of child sexual abuse, was committed as a "sexually violent person," *see* 725 ILL. COMP. STAT. 207/40, to the Rushville facility. Rushville prohibits its residents from having Bluetooth- and internet-capable devices, including cell phones, DVD players, and game consoles.

Wahl sued facility staff under 42 U.S.C. § 1983, alleging that the policy violates his First Amendment right to freedom of speech. (He raised other claims, but they are abandoned on appeal.) The defendants moved for summary judgment; as relevant here, they maintained that the regulation was reasonably related to legitimate security concerns. More specifically, Rushville's program director attested that devices with wireless communication features had in the past breached the facility's security system, the devices could eavesdrop on staff or improperly connect with other residents or people outside the facility, and staff were not equipped to oversee their use. Wahl responded that these concerns were overblown and other options were available. He cited the webpage of a company that monitors internet usage of people not in physical custody (like parolees) and news articles about internet access in some prisons. He did not include information about the associated costs. The judge granted in relevant part the defendants' motion for summary judgment, reasoning that their evidence adequately justified the policy.

On appeal Wahl challenges Rushville's security concerns as "nearly laughable." We disagree. Under *Turner v. Safley*, 482 U.S. 78, 89–91 (1987), we ask whether an institution's regulation is rationally related to the asserted legitimate governmental interest. *See Brown v. Phillips*, 801 F.3d 849, 853 (7th Cir. 2015) (extending *Turner* to claims by civil detainees). We may also consider the availability of other forms of expression, the institution's limited resources, and any "obvious, easy alternatives" to the regulation. *Turner*, 482 U.S. at 89–91. In *Brown* we upheld Rushville's ban on video consoles capable of accessing the internet, noting several security concerns that justify it:

> First, consoles capable of accessing the internet allow detainees to contact victims of their crimes; the ban on these consoles thus advances the state's interest in protecting the public. Second, because these consoles permit inmates to download, manipulate, share, and store *illegal* pornography, the ban also promotes the state's legitimate interest in preventing crime.

801 F.3d at 855.

Despite *Brown*, Wahl insists that the ban is not rational. He argues that residents will not misuse the devices because they fear getting caught, they can access illicit images in other ways, they cannot eavesdrop on staff members who do not bring phones to the facility, and they cannot evade the new "blocking software" that postdates the earlier security breach. But as the judge noted, Wahl provides no evidence to support these assertions. Thus, they do not undermine the judge's ruling.

Next, Wahl argues that the judge erred by not considering whether the ban is the least restrictive option available. But the judge was not required to do so. Although "the existence of obvious, easy alternatives may be evidence that the regulation is not reasonable," the facility does not need to provide the "least restrictive alternative." *Turner*, 482 U.S. at 90–91. Wahl referred the judge to a company that monitors internet usage of parolees and to articles about internet access in certain prisons. But he furnished no evidence that these options were of "*de minimis* cost" to the facility as *Turner* requires. *Id.* at 91. (Wahl also asserts that he "offered expert witnesses" who "would have testified," but he did not provide any reports from, or the names of, such experts.)

Last, Wahl urges that *Packingham v. North Carolina*, 137 S. Ct. 1730, 1738 (2017), should govern this case. There, the Supreme Court held that a law prohibiting registered sex offenders from accessing social-networking sites was unconstitutional. But unlike here, the restriction in *Packingham* applied to noncustodial sex offenders; it did not purport to limit *Turner*, the framework that we use to assess regulations that apply to persons like Wahl in detention. Thus, *Packingham* does not affect this case.

We end with a final note: Wahl introduces two new claims on appeal. He alleges that the policy violates his right to be free from cruel and unusual punishment under the Eighth Amendment and that because the ban applies to all detainees without individualized determinations, it violates his right to due process under the Fourteenth Amendment. He presented neither claim to the judge who screened the complaint and limited it to the First Amendment. Wahl made no attempt to amend his complaint or introduce these claims during the district-court proceedings; we therefore do not consider them now. *See Gates v. Bd. of Educ.*, 916 F.3d 631, 641 (7th Cir. 2019).

AFFIRMED